11-4582-cv
*Finn v. N.Y. State Office of Mental Health*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of December, two thousand and twelve.

PRESENT:

>   JOSÉ A. CABRANES,
>   REENA RAGGI,
>   PETER W. HALL,
>
>   *Circuit Judges.*

---

CARL FINN,

>   *Plaintiff-Appellant*,

>   v.                                            No. 11-4582-cv

NEW YORK STATE OFFICE OF MENTAL
HEALTH–ROCKLAND PSYCHIATRIC CENTER,
JEROME FORMAN, OSMOND CLARKE,
NIRANJANA PATEL, NEW YORK STATE
OFFICE OF MENTAL HEALTH,

>   *Defendants-Appellees.*

---

1

**FOR PLAINTIFF-APPELLANT:**          Steven Seltzer, Jacob E. Lewin, Yuen
                                                                Roccanova Seltzer & Sverd P.C., New York,
                                                                NY.

**FOR DEFENDANTS-APPELLEES:**          David Lawrence III, Assistant Solicitor
                                                                General, Michael S. Belohlavek, Senior
                                                                Counsel, Barbara D. Underwood, Solicitor
                                                                General, *for* Eric T. Schneiderman, Attorney
                                                                General of the State of New York, New York,
                                                                NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Vincent L. Briccetti, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

From 2005 to 2007, plaintiff-appellant Carl Finn was employed at the Rockland Psychiatric Center ("RPC")—a facility operated by the New York State Office of Mental Health.  Finn alleges that he experienced discrimination at RPC on account of his race, and that he was fired because of his efforts to expose the discriminatory practices at RPC as well as problems with the food served at the facility.  Based on those underlying factual allegations, Finn brought the following claims in federal court against RPC, the New York State Office of Mental Health, and various coworkers: (1) employment discrimination on account of his race in violation of 42 U.S.C. § 2000e ("Title VII"); (2) unlawful retaliation based on his allegations of racial discrimination in violation of Title VII; (3) unlawful retaliation for purportedly protected speech under the First Amendment; (4) termination without due process in violation of the Fourteenth Amendment;[1] and (5) analogous claims under the New York State Constitution and the New York Human Rights Law, *see* N.Y. Exec. Law §§ 296, 297.  Finn's complaint sought damages and reinstatement.

Following discovery, the defendants moved for summary judgment with respect to each claim.  In a memorandum opinion and order dated October 6, 2011, the District Court granted summary judgment to the defendants with respect to all of Finn's claims.  The Court based its decision on numerous grounds, many of which are summarized in our discussion.  We assume the parties' familiarity with the facts and procedural history of this case.

---

[1] Finn brought the third and fourth of these claims under 42 U.S.C. § 1983, which provides a private right of action to vindicate federal rights violated under the color of state authority.  Finn does not appeal the District Court's dismissal of his due-process claim.

2

**DISCUSSION**

We review an award of summary judgment *de novo*, "construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in [his] favor." *Fincher v. Depository Trust & Clearing Corp.*, 604 F.3d 712, 720 (2d Cir. 2010). Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute exists "if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Gen. Star Nat'l Ins. Co. v. Universal Fabricators, Inc.*, 585 F.3d 662, 669 (2d Cir. 2009) (quoting *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008)).

Having reviewed the record *de novo*, we affirm the judgment of the District Court for substantially the reasons stated in its well-reasoned memorandum opinion and order dated October 6, 2011. We now briefly summarize those reasons.

With respect to Finn's assertion of intentional discrimination, the District Court held that Finn had not shown a genuine dispute of fact regarding alleged discrimination in RPC's overtime distribution. *See* Special App'x 22–23. We agree. The differences in overtime hours were minimal to begin with, and are easily explained by the higher rate at which African-American employees declined overtime opportunities. *See id.* at 22. No reasonable jury could have returned a verdict for Finn on this claim.

With respect to Finn's retaliation claim under Title VII, we agree with the District Court's assessment that Finn has not presented sufficient evidence to create a genuine dispute of fact regarding whether his purportedly "similarly situated" comparators were, in fact, similarly situated. *See id.* at 25–29. We also agree that evidence of statements made by various RPC employees to Finn could not, when understood in context, "be construed by a reasonable jury as indicating an intent to stifle activities protected by Title VII." *Id.* at 30; *see also id.* at 30–32 (explaining the context of each statement). The defendants have provided nonretaliatory reasons for Finn's termination, and Finn has not pointed to evidence that reasonably supports a finding of unlawful retaliation. *See McGuiness v. Lincoln Hall*, 263 F.3d 49, 55 (2d Cir. 2001). Accordingly, we conclude that no reasonable jury could have returned a verdict in Finn's favor on this claim.

With respect to Finn's allegation of retaliation under the First Amendment and § 1983, we agree with the District Court's conclusion that Finn has not presented sufficient evidence to create a genuine dispute of material fact regarding the alleged causal connection between his termination and the protected aspect of his efforts to oppose purportedly discriminatory practices at RPC. That conclusion is bolstered by a long list of complaints by RPC employees regarding Finn's insubordinate and threatening conduct. Moreover, as the District Court pointed out, the manner of

3

Finn's speech was "threatening, rude, and offensive" and therefore provided valid grounds for his dismissal. *Id.* at 35. Having reviewed the record, we conclude that no reasonable jury could find that Finn was retaliated against because of protected speech.

We also agree with the District Court's conclusion that Finn's comments about food-safety issues at RPC were unprotected because they were made pursuant to his job responsibilities as a food service worker. *See id.* at 35–37. And Finn's allegations of retaliation by Clarke cannot prevail either. Based on the evidence in the record, Clarke and Finn obviously had a bitter personal relationship, but Clarke was not in charge of Finn's termination, nor did his purported hostile behavior come about because he was "clothed with the authority of state law." *United States v. Walsh*, 194 F.3d 37, 51 (2d Cir. 1999). Intramural personal disputes of this sort between state-employed coworkers do not violate the federal constitution.

Finally, the District Court held that because Finn had not raised a dispute of material fact with regard to his discrimination or retaliation claims, "there can be no claim that any individual employees violated his state law rights." Special App'x at 38. Finn does not contest this aspect of the District Court's decision; rather, he argues that because the District Court erred in its analysis of the other claims, the state-law claims should be reinstated. *See* Appellant's Br. 57. As we noted above, the District Court properly awarded summary judgment with respect to each of Finn's federal claims, and therefore we have nothing left to decide with respect to the state-law claims.

## CONCLUSION

We have considered all of Finn's arguments on appeal and find them to be without merit. Accordingly, for the reasons stated above, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4